JUNE 2,  }                    PERLEY *v.* HILTON.
 1875.   }

*Evidence—Flowage—Title by prescription.*

P. brought an action on the case against H. and others, to recover damages for flowage to his land by means of the defendants' dam. The defendants claimed they had a right to flow to the top of their dam. The plaintiff called a witness, who testified that M., one of the defendants, had stated that they did not claim the right to flow to that height. The defendants then called M. to contradict said witness, and was permitted to state that the defendants claimed the right to flow to the top of their dam. *Held*, that this, being only a statement of their defence, in itself proved nothing; and as it did not appear that the jury were misled by the statement, it was no cause for setting aside the verdict.

H. and others erected a dam in the highway, and continued in the occupa-

tion thereof for more than twenty years, flowing, during the same time, land of P. above on the stream, with his knowledge, and without objection on his part, or interruption on the part of the state. *Held*, that P. could maintain no action for the injury occasioned thereby to his land.

CASE, to recover damages for flowage caused by a dam at the outlet of Wickwass pond in Meredith. Trial before STANLEY, J. The defendants, and those under whom they claim, have been in possession and have maintained a dam at the outlet of said pond for more than twenty years before the commencement of this suit; but the plaintiff claimed that said dam had been raised within that time, and that damages were done to his property by such raising. The plaintiff called one Dolloff as a witness, who was a land-owner around said pond, who testified to statements made by Marshall, one of the defendants, tending to show that they did not claim the right to flow to the height of the present dam. The defendants then called said Marshall, who testified in substance contradicting the testimony of Dolloff as to his statements, and that he had always held the water back to the height of the present dam since he had been in possession; and, subject to the plaintiff's exception, was asked whether he claimed the right to flow as high as the present dam: to which he answered that he did.

There was evidence tending to show that said dam was within the limits of the public highway, and there was no evidence of title in the defendants to the land on which the dam is situated. The plaintiff requested the court to instruct the jury, that, there being no such evidence of title, if they should find that the dam was within the limits of a public highway at the time or times when it was raised or operated by the defendants and those under whom they claim, they could not gain a right to flow by prescription by thus raising the dam, and keeping up the water by means of it; but the court declined so to instruct them, and did instruct them, in substance, that it would make no difference to the plaintiff whether the dam was within the limits of the highway or not; that the right the public had in the highway was simply a right of passage; that for all other purposes the owner of the adjoining lands was the owner of the land to the centre of the highway; that while, as against the public, the owners of the dam perhaps could not gain a right by prescription to maintain their dam, as against the land-owners, they might and could acquire such prescriptive right, provided it did not interfere with the public use of the highway; to which the plaintiff excepted.

The jury having returned a verdict for the defendants, the plaintiff moved to set the same aside, and for a new trial for supposed error in the foregoing ruling and instructions.

The questions of law arising upon the foregoing case were transferred to this court for determination.

*Hibbard, Pike & Blodgett*, and *Stone*, for the plaintiff, cited 2 Bl. Com. 264, 265, and 3 Gr. Cr. on Real Prop. 422.

*Whipple* and *Jewell & Smith*, for the defendants, cited *Webber.* v. *Chapman*, 42 N. H. 326, *Borden* v. *Vincent*, 24 Pick. 301, and Washb. on Easements 99.

SMITH, J. 1. The plaintiff called Dolloff as a witness to show that the defendants did not claim to flow to the height of the present dam. He testified to statements claimed to have been made by Marshall, one of the defendants, tending to establish that fact. Marshall was then called by the defendants to contradict Dolloff; and for that purpose it was clearly competent to ask him what he did state to Dolloff in that respect, and whether he stated to Dolloff that he claimed to flow to the height of the present dam. His answer to the question excepted to, in the presence of the jury, if not admissible, was immaterial. The defence set up was, that they had a right to flow to the height to which they did flow. The statement of Marshall, then, that they claimed the right to flow to that height, was only a statement of their defence, which their counsel must have also asserted to the jury in conducting the defence, and in itself proved nothing, and could not have misled the jury.

2. I see no error in the instructions, that while as against the public the defendants could not gain a right by prescription to maintain their dam by reason of its being located within the limits of the highway,[*] yet as against the land-owners they might acquire such prescriptive right provided it did not interfere with the public use of the highway. This seems to have been settled in *Borden* v. *Vincent*, 24 Pick. 301, where it appeared that a town made a road across a navigable stream, and a mill-owner erected his mill and applied the road as a dam for the same, whereby land of a third party was flowed, and this had been continued for more than twenty years. It was held that the mill-owner had acquired a prescriptive right to flow the land, although he might have been liable to indictment by so doing in a public prosecution for a nuisance to the highway. See, also, Washb. on Easements, ch. 1, sec. 4, par. 46. The doctrine established in that case is clearly correct. The public have only a right of way over land taken for a highway. The fee in the land remains in the owner, and he can use and occupy the land in any way that does not interfere with the right of the public to pass over it. In case of the way being discontinued, the land reverts to the original owner or his representatives, divested of the public easement, and as between him and third persons there does not seem to be any reason why he cannot acquire any rights upon his own land which he could otherwise acquire, if the public had not the right of passage over it, not inconsistent with such right of the public.

But the plaintiff contends that as the defendants showed no title to the land on which the dam was situated, they could not, consequently, acquire the right to flow by prescription. As I understand the case, no other title was shown in the defendants on the trial than that gained

---

[*]*State* v. *Franklin Falls Co.*, 49 N. H. 256.                REPORTER.

by adverse possession, or from having been in possession and having maintained the dam for more than twenty years. If the defendants, or those under whom they claim, were in possession as tenants for life, for years, or at will, they could not prescribe in themselves by reason of the imbecility of their estates. A prescription in a *que estate* must always be laid in the person who is seized in a fee simple. 2 Blk. Com. 265. But it appears from the case, as drawn, that these defendants and those under whom they claim have acquired by adverse possession for more than twenty years before the commencement of this suit, a title, not only to the dam, but to the land upon which it is situated. They have been in possession, not as tenants under others who claimed to own the fee, nor under license, but their possession has been continued, uninterrupted, and adverse, that is, under a claim of right, with the acquiescence and knowledge of the owner. The position is taken that the defendants could not acquire a right to flow the plaintiff's land by prescription until they had first gained a title to the land upon which the dam is located, either by grant or by adverse possession; or, in other words, that they could not acquire a right to flow and a right to maintain their dam on the land of a third person at the same time. But no authority is cited in support of this position. The erection of a dam upon the land of another, and maintaining it there for a period of twenty years with the acquiescence and knowledge of the owner of the land, and the continued, uninterrupted possession of the land under a claim of right for twenty years, and during all the same period flowing the land of a third person above on the stream with his knowledge and acquiescence, must unquestionably gain for such person a title by adverse possession to the land upon which the dam is located, and a right by prescription to flow the land of such third person situated above on the stream.

CUSHING, C. J. It appears from the case, as I understand it, that the defendants were in possession of some portion of the shores of the pond adjoining the highway, and also of the dam situated in the highway. Such possession is *prima facie* evidence of ownership in fee of the land adjoining the highway, and also of ownership in fee of the dam, subject to the easement of the public in the highway. Until, therefore, something is shown to destroy the effect of this evidence, the defendants are to be taken to be the owners in fee of the dam by which they have flowed the plaintiff's land; and this seems a sufficient answer to the objection, that the defendants are not sufficiently owners of the dam to acquire a right by possession.

The case of *Borden* v. *Vincent*, 24 Pick. 301, is sufficient authority to show that the instructions complained of were right.

In regard to the evidence of Marshall, the question is, whether his statement that he claimed the right to flow was relevant to the matter in issue. It appears to me to be directly in contradiction to the testimony of Dolloff. The testimony of Dolloff tended to show that the defendants did not claim the right to flow to the height of the present

dam. The point in issue was not whether Marshall had made certain statements from which an inference could be made that the defendants did not claim, but whether the inference sought to be made was true. The evidence of Marshall was exactly in opposition to this. The testimony of Dolloff was, not that the defendants had not made public claim, but that they did not claim, and it was proper to contradict this by the testimony of Marshall.

LADD, J., concurred.

*Exceptions overruled, and judgment on the verdict.*